**PATENT OFFICE PROFESSIONAL ASSOCIATION, Petitioner**

v.

**FEDERAL LABOR RELATIONS AUTHORITY, Respondent.**

No. 05–1173.

United States Court of Appeals, District of Columbia Circuit.

March 21, 2006.

Richard Joseph Hirn, Law Office of Richard J. Hirn, Washington, DC, for Petitioner.

David Michael Smith, Solicitor, William Reed Tobey, Deputy Solicitor, William Eugene Persina, Attorney, Federal Labor Relations Authority, Washington, DC, for Respondent.

Before: HENDERSON and GARLAND, Circuit Judges, and EDWARDS, Senior Circuit Judge.

### *JUDGMENT*

PER CURIAM

This cause was considered without argument on a petition for review of an order of the Federal Labor Relations Authority ("FLRA" or "Authority") and was briefed by the parties.

**ORDERED AND ADJUDGED** that the petition for review is dismissed for want of jurisdiction.

In this petition for review, the Patent Office Professional Association ("POPA" or "Association") seeks to reinstate an arbitration award set aside by the FLRA. On October 1, 2004, an FLRA arbitrator found that the Patent and Trademark Office ("PTO") had violated a provision of its collective bargaining agreement with POPA. The FLRA set aside that award on April 13, 2005, and the Association filed a timely petition for judicial review.

Judicial review of a FLRA decision reviewing an arbitration award is statutorily foreclosed "unless the order involves an unfair labor practice under section 711[6]." 5 U.S.C. § 7123(a)(1) (2000); *Overseas Educ. Ass'n v. FLRA ("OEA")*, 824 F.2d 61, 63 n. 2 (D.C.Cir.1987) (noting that statute's "reference to section 7118 ... has been recognized to be an error; the correct reference is to section 7116"). And it is well-settled that this exception is applicable "only if ... a statutory unfair labor practice" is involved. *OEA*, 824 F.2d at 64–65.

This case does not involve a "statutory unfair labor practice"; therefore, the court lacks jurisdiction to review the petition. POPA filed a grievance under the parties' collective bargaining agreement which eventually was appealed to arbitration.

Throughout the grievance process, including arbitration, the Association pursued its claim as a contractual dispute, *i.e.*, as a complaint that the agency had breached the parties' collective bargaining agreement. The Association never contended before the arbitrator that the grievance involved a statutory unfair labor practice. Indeed, the parties stipulated that the issue to be resolved by the arbitrator was whether the agency had violated a provision of their collective bargaining agreement. *See Patent & Trademark Office v. Patent Office Prof'l Ass'n*, FMCS Case No. 04–00138 at 10 (Oct. 1, 2004) (Evans, Arb.), *reprinted in* Joint Appendix ("J.A.") 13, 22. The parties' arguments before the arbitrator focused *solely* on competing interpretations of the disputed provision in the collective bargaining agreement. *See id.* at 6–10, *reprinted in* J.A. 18–22. And the arbitrator's finding was "that the Agency violated the parties' agreement." *U.S. Dep't of Commerce, Patent & Trademark Office*, 60 F.L.R.A. No. 158, 2005 WL 910334 (Apr. 13, 2005), *reprinted in* J.A. 3. The arbitrator's decision rested exclusively on his interpretation of the agreement, not on any legal construction of statutory unfair labor practices. Like the arbitrator's decision, the Authority's decision did not address any alleged unfair labor practices as none were alleged. It analyzed only whether the arbitrator's award violated management's rights under 5 U.S.C. § 7106(a)(2)(A).

Since POPA never pursued its claim as a statutory unfair labor practice, the FLRA's arbitration decision that it seeks to set aside plainly does not involve a statutory unfair labor practice. *OEA*, 824 F.2d at 66 ("The mere fact that conduct is *capable* of characterization as a statutory unfair labor practice is insufficient to satisfy the strictures of section 7123(a)(1); the conduct *must actually be so characterized and the claim pursued, by whatever route, as a statutory unfair labor practice*, not as

something else.") (second emphasis added). This court cannot "transform what ha[s heretofore] been pursued as a contractual dispute into a statutory unfair labor practice proceeding" in order to "confer federal court jurisdiction." *Id.* at 67 (explaining with approval *U.S. Marshals Serv. v. FLRA*, 708 F.2d 1417 (9th Cir.1983)). "Here, the union affirmatively chose to invoke the agreement, not the statute. It must now live with the consequences that flow from invocation of this theory." *Id.* at 69.

The petition for review is dismissed for want of jurisdiction. *DOJ v. FLRA*, 981 F.2d 1339, 1342 (D.C.Cir.1993) ("Because the instant dispute does not involve an unfair labor practice, our jurisdiction is flatly foreclosed by section 7123(a)(1).").

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing *en banc. See* FED. R.APP. P. 41(b); D.C. Cir. Rule 41.